# Exhibit A

SUMMONS

Attorney(s) Judith G. Amorski, Esquire

Office Address  10 West Main Street 2nd Fl.

Town, State, Zip Code  Freehold New Jersey 07728

Telephone Number  732-683-1227

Attorney(s) for Plaintiff  Judith G. Amorski, Esq.

**Superior Court of**

**New Jersey**

Ocean _____ County

LAW _____ Division

Docket No: ocn-l-000656-20

Michael Raccuia

     Plaintiff(s)

    vs.

JONES LANG LASALLE

     Defendant(s)

**CIVIL ACTION**

**SUMMONS**

From The State of New Jersey To The Defendant(s) Named Above:

    The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov/forms/10153_deptyclerklawref.pdf.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

    If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

    If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov/forms/10153_deptyclerklawref.pdf.

                                                         Clerk of the Superior Court

DATED:  05/21/2020

Name of Defendant to Be Served:  JONES LANG LASALLE

Address of Defendant to Be Served:  200 East Randolph St Chicago Ill. 60601

# Civil Case Information Statement

## Case Details: OCEAN | Civil Part Docket# L-000656-20

**Case Caption:** RACCUIA MICHAEL VS JONES LANG
LASALLE
**Case Initiation Date:** 03/05/2020
**Attorney Name:** JUDITH GAIL AMORSKI
**Firm Name:** JUDITH G. AMORSKI, LLC
**Address:** 10 WEST MAIN STREET
FREEHOLD TWP NJ 07728
**Phone:** 7326831227
**Name of Party:** PLAINTIFF : Raccuia, Michael
**Name of Defendant's Primary Insurance Company**
**(if known):** Unknown

**Case Type:** LAW AGAINST DISCRIMINATION (LAD) CASES
**Document Type:** Complaint with Jury Demand
**Jury Demand:** YES - 12 JURORS
**Is this a professional malpractice case?** NO
**Related cases pending:** NO
**If yes, list docket numbers:**
**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO
**Are sexual abuse claims alleged?** NO

### THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE
CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** YES

**If yes, is that relationship:** Employer/Employee

**Does the statute governing this case provide for payment of fees by the losing party?** YES

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
**If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
**If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** NO **Title 59?** NO **Consumer Fraud?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

03/05/2020
Dated

/s/ JUDITH GAIL AMORSKI
Signed

THE LAW OFFICE OF JUDITH G. AMORSKI, ESQUIRE
10 West Main Street, Second Floor
Freehold, New Jersey 07728
Phone: 732-683-1227 Fax: 732-683-1320
Attorney for Plaintiff
Attorney # 009312004

| | |
|---|---|
| MICHAEL RACCUIA | SUPERIOR COURT OF NEW JERSEY |
| | :    LAW DIVISION |
| PLAINTIFF | :    OCEAN COUNTY |
| | : |
| | : |
| V. | : |
| | :    **AMENDED COMPLAINT** |
| JONES LANG LASALLE | |
| DEFENDANT | |

The Plaintiff, by way of Complaint alleges the following:

## FIRST COUNT

1. On or about February 1st, 2019, Plaintiff began working for Jones Lang LaSalle, hereafter referred to as JLL via a transfer of the contract from Cushman & Wakefield to JLL. Cushman & Wakefield had the account for 18 years, and during that time, Plaintiff performed his job perfectly, obtaining continuous raises, promotions, and exemplary reviews.

2. Prior to working for Cushman & Wakefield, he worked for Prudential for 18 years, which later hired Cushman & Wakefield to perform the services and hired Plaintiff along with others to complete the job.

3. The Plaintiff had to re interview for a position with JLL and received an offer. JLL represented that they wanted Plaintiff to remain so he could train others from JLL, work with new JLL management coming into the account during the

1

transition period, and continue to meet the needs of the client, and perform his duties in a managerial position.

4. At the same time, Cushman & Wakefield, through a series of negotiations with the client, offered severance packages of 2-3 weeks for each year of employment to several employees that JLL was not opting to hire. All of these employees were over 50 years old.

5. JLL represented that they wanted Plaintiff to remain, and therefore, he was not offered a severance package.

6. Plaintiff began training employees for JLL, working with JLL management, and informed them what the client expected, while learning the JLL systems and procedures while performing his job.

7. Shortly after, Defendant took over Plaintiff noticed JLL systematically eliminated individuals who were over 50 years old, during the hiring and the transition period. The employees, although performing their jobs, were all let go or the position was touted as being eliminated, yet, after the individual left, a new, younger person was hired.

8. Within a 4-month period of the contract effective date, almost all the managers, bosses, and employees who were over 50 years old were replaced by younger employees. Others over the age of 50 years old left for new positions in other companies.

9. At this time, Plaintiff began to hear that his boss, who was younger than him, was informed at the amount of money Plaintiff made, and was upset that he was making almost as much as him.

2

10. Plaintiff's boss then began to make unreasonable demands while their new procedures and systems were having many problems and were not able to meet the client's needs. The Plaintiff with 18 years of experience knew what the client wanted, and spoke up many times, but was told not to complete certain tasks or was told that was no longer part of his job, while the client still demanded the work to be completed. The Plaintiff and his staff were given inferior resources and training to complete their work. Work continued to pile up, such that no individual working in that capacity could have possibly been able to perform and met the deadlines established by the client.

11. The performance complaint about the Plaintiff is a ruse to get rid of one of the only remaining employees over the age of 50, despite the client wanting him to remain on the account.

12. JLL offered Plaintiff a chance to look for another position in the company for 60 days, which Plaintiff believed to be genuine at the time. But positions available were many levels under the Plaintiffs current position.

13. Defendant used Plaintiff to obtain valuable training and experience to pass onto the younger employees and then was let go.

14. JLL discriminated against Plaintiff by not allowing him to continue in his job simply because he was not a young man.

15. Through a pattern and practice of discrimination, Defendant eventually notified Plaintiff that he was being let go as well.

16. Although Plaintiff literally offered to work in any other capacity or within any other scenario for the client, Defendants refused to hire him.

17. Plaintiff worked 36 years with a perfect record- within the first 16 weeks of JLL's takeover they eliminated all workers over age 50.

18. Plaintiff was not even given the opportunity to obtain a severance package from Cushman & Wakefield because Defendants misrepresented their intentions and rather, wanted to "use" the Plaintiff for the training before letting him go, as they did with all the other workers over 50.


The State of New Jersey protects individuals within the workplace for being subjected to the type of harassing and discriminating behavior under the New Jersey Law Against Discrimination (NJLAD). Plaintiff was let go due to Defendant's discrimination against him because he was older.


**WHEREFORE,** Plaintiff, MICHAEL RACCUIA, demands judgment in their favor and against Defendant, JLL for actual damages, punitive damages, statutory damages, treble damages, attorney's fees, court costs, and all other relief as the Court shall deem just and equitable.


## CERTIFICATION

Pursuant to *Rule* 4:5-1, it is hereby certified that, to the best of my knowledge, there are no other civil actions or arbitration proceedings involving this matter with respect to this matter and no other parties need to be joined at this time.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

/S/:*JUDITH G. AMORSKI ESQ*

4

## CERTIFICATION OF SERVICE

I certify that the within pleading has been served within the time period allowed under New Jersey Law.


/S/:.JUDITH G. AMORSKI ESQ